United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-7053

September Term, 2025

FILED ON: JANUARY 16, 2026

JAMAL J. KIFAFI, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
APPELLANT

v.

HILTON HOTELS RETIREMENT PLAN, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:98-cv-01517)

Before: PILLARD and KATSAS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court is **AFFIRMED**.

**I.**

On June 17, 1998, Appellant Jamal Kifafi filed a class action complaint alleging that Appellees Hilton Hotels Retirement Plan, et al. (Hilton) violated the Employee Retirement Income Security Act (ERISA) of 1974. *See Kifafi v. Hilton Hotels Ret. Plan*, 616 F. Supp. 2d 7, 9-10, 15 (D.D.C. 2009). The district court agreed, concluding that defendants violated ERISA's anti-backloading and vesting provisions. *Id.* at 40. On August 31, 2011, the district court entered a permanent injunction requiring defendants to remedy the violations. *Kifafi v. Hilton Hotels Ret. Plan*, No. 98-1517, ECF No. 258 (Order) (D.D.C. Aug. 31, 2011). We affirmed. *See Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718, 722 (D.C. Cir. 2012).

In 2014, Kifafi moved the district court for "post-judgment discovery," raising concerns about Hilton's implementation of the 2011 injunction and asking the court to order Hilton to

produce information regarding its compliance efforts. After finding that Hilton was "in compliance" with the injunction, *Kifafi v. Hilton Hotels Ret. Plan*, 79 F. Supp. 3d 93, 102 (D.D.C. 2015), the district court denied Kifafi's motion for post-judgment discovery and terminated the court's "jurisdiction" over the matter, *Kifafi v. Hilton Hotels Ret. Plan*, 124 F. Supp. 3d 27, 28 (D.D.C. 2015).

In February 2019, we affirmed the district court's decision "to end its active supervision of the permanent injunction" because "the district court did not abuse its discretion when it concluded that Hilton was adequately complying with its current duties under the permanent injunction." *Kifafi v. Hilton Hotels Ret. Plan*, 752 F. App'x 8, 9 (D.C. Cir. 2019). For that same reason, we concluded that the district court did not abuse its discretion in denying Kifafi's request for more information, whether understood as a request for post-judgment discovery or, as Kifafi framed it on appeal, a request for equitable accounting. *Id.* at 9-10.

The next year, Kifafi returned to the district court with concerns that Hilton was no longer implementing the permanent injunction. He asked the district court to order defendants to (1) show cause as to why Hilton should not be held in civil contempt of the permanent injunction; and (2) provide an equitable accounting of Hilton's implementation of the injunction since 2015. The district court denied the motion solely "[b]ecause [its] jurisdiction in this matter ended over five years ago" when it terminated active supervision of the permanent injunction. *See Kifafi v. Hilton Hotels Ret. Plan*, 2021 WL 1051558, at *2 (D.D.C. Mar. 1, 2021).

Kifafi appealed, and we reversed. *See Kifafi v. Hilton Hotels Ret. Plan*, 2022 WL 2280296, at *1 (D.C. Cir. June 24, 2022). We noted that the permanent injunction still remained in effect and that, although "[c]ourts cannot supervise parties forever," "[t]he power of a federal court to protect and enforce its judgments is unquestioned." *Id.* at *1 (quoting *Marshall v. Loc., Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Inc.*, 593 F.2d 1297, 1302 (D.C. Cir. 1979)). We repeated our prior observation that, "[s]hould the implementation break down, class members retain the enforcement rights of a party to a permanent injunction," *id.* (quoting *Kifafi*, 752 F. App'x at 9), and emphasized that "[u]nder those circumstances, a [c]ourt is empowered to order relief as it sees fit," *id.* Because the district court had denied Kifafi's motion on the erroneous premise that it "had no authority to enforce the injunction" after terminating active supervision, we held it had abused its discretion by denying Kifafi's "motion to enforce the injunction." *Id.* at *2. We vacated the district court's denial of Kifafi's motion and remanded for further proceedings. *Id.*

On remand, Kifafi filed a "Motion for Post-Judgment Discovery and Accounting." He sought a wide array of information from Hilton, including: "all communications" between Hilton and its officers and agents "related to implementation of the permanent injunction," all communications since February 2015 with class members who were not yet paid as of that time, and "individual records" for those same class members such as "the dates, amounts, and forms of any payments, the status of any incomplete processing, and records pertaining to any restrictions on payments, lost records, processing procedures, or benefit modifications . . . ." Kifafi Proposed Order 4 (J.A. 179). Hilton opposed the motion. On March 19, 2025, the district court denied Kifafi's motion without prejudice on the ground that "Kifafi ha[d] not shown that there are

'significant questions' regarding [Hilton's] compliance with the judgment that warrant further discovery." *Kifafi v. Hilton Hotels Ret. Plan*, 2025 WL 858810, at *5 (D.D.C. Mar. 19, 2025). Kifafi timely appealed.

**II.**

Kifafi contends that the district court abused its discretion by denying his request for post-judgment discovery and equitable accounting. We disagree.

The district court did not abuse its discretion in denying Kifafi's request for post-judgment discovery. It evaluated Kifafi's discovery request under the "significant questions" standard, *see Kifafi*, 2025 WL 858810, at *5-7, which Kifafi acknowledges is the correct standard, *see* Kifafi Br. 18-19. And the court did not abuse its discretion when it concluded, after considering the evidence submitted by the parties, that Kifafi had failed to raise "significant questions" as to whether Hilton failed to comply with the injunction. *Kifafi*, 2025 WL 858810, at *5-7.

Nor in these circumstances did the district court abuse its discretion in apparently denying Kifafi's request for equitable accounting without explicitly addressing it. Kifafi's briefing below did not analyze the need for or appropriateness of an equitable accounting as distinct from broader and more intrusive post-judgment discovery. *See* Kifafi D. Ct. Br. 6-12 (J.A. 148-154). Similarly, Kifafi told us on a prior appeal that seeking an equitable accounting was "akin to" seeking post-judgment discovery. *Kifafi v. Hilton*, 752 F. App'x at 9. On this appeal, too, Kifafi makes no distinct argument in support of an accounting apart from his advocacy for full disclosure of a decade's worth of documents covering all aspects of Hilton's compliance with the injunction. Thus, we see no error in the district court's implicit denial of Kifafi's request for equitable accounting.

As we have previously held in this very case, the district court retains the power to award appropriate relief as necessary to ensure that its judgment is fully enforced. *Kifafi v. Hilton*, 2022 WL 2280296, at *1. No one disputes that Hilton has ongoing obligations under the injunction. To monitor Hilton's progress toward compliance with the injunction, Kifafi and class counsel may request current information from Hilton, such as periodic status reports listing the identified class members and basic facts relevant to compliance progress. Those facts could be reasonably discrete, such as a listing of who remains unpaid and why, how much they are due, and what actions Hilton is taking to ensure that they are paid. *See, e.g.*, *Kifafi*, 79 F. Supp. 3d at 98-99 (describing a "summary categorization spreadsheet" that Hilton shared directly with Kifafi's counsel on March 31, 2014, which "detail[s] participant-by-participant[] which class members had been paid increased benefits or sent notices of increased benefits, including how much was paid to each participant" (internal quotation marks omitted)). Because we review the district court's decision of the current motion based on plaintiff's request for broad discovery, we do not opine on whether it would be within the district court's sound discretion to deny even a tailored request for an accounting of Hilton's efforts and progress in identifying and providing the relief due to each class member.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

4